**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 17-CR-00179 (APM) |
| | : | |
| v. | : | |
| | : | |
| QUANISHA FOOTES, | : | |
| | : | |
| Defendant. | : | |

**UNITED STATES' MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits its Memorandum in Aid of Sentencing. The government requests that the Court impose a sentence of full incarceration at the low end of the guidelines range – here twelve (12) months of incarceration – with one (1) year of supervised release.

**Factual Background**

1.      As the Court is aware, the details of the defendant's actions are contained in the statement of offense.  In relevant part:

Pursuant to her conviction for Possession with Intent to Distribute Cocaine and two counts of Assault on a Police Officer in 2014-CF2-021590, in the Superior Court for the District of Columbia, on or about May 7, 2015, the defendant was sentenced to a term of 32 months and 20 days of incarceration, with five years of supervised release, consecutive to 90 days of incarceration imposed in 2014-CMD-021589 for a misdemeanor Bail Reform Act conviction. As a consequence of that judgment, she was committed to the custody of the Bureau of Prisons at the direction of the Attorney General.

Pursuant to that sentence, on or about March 29, 2017, and at the continued direction of the Attorney General and the Bureau of Prisons, the defendant was remanded to the custody of

the Fairview Residential Reentry Center, in the 1400 block of G Street, NE, Washington D.C.

On June 26, 2017, the defendant was granted temporary leave from the facility at approximately 6:30 a.m., and she left the facility. At the time she left the facility, she was under instructions to return by 7:00 p.m. that same day, and she was not authorized to remain away for any longer period of time.

The defendant failed to return to the facility on June 26, 2017, by 7:00 p.m., and that failure was knowing and intentional.

Subsequently, the defendant was stopped by law enforcement in November 2018, and the warrant for her escape from Fairview Residential Reentry Center was executed.

## Statutory Penalties

2.      The defendant plead guilty to Count I in the Indictment, charging her with Escape from Custody, in violation of 18 U.S.C. § 751(a). A violation of 18 U.S.C. § 751(a) carries a maximum sentence of five years of imprisonment; a fine of $250,000 or twice the pecuniary gain or loss of the offense, pursuant to 18 U.S.C. § 3571(b)(3); a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2); and an obligation to pay any applicable interest or penalties on fines and restitution not timely made. In addition, the defendant must pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia.

## Sentencing Guidelines

3.      The Federal Sentencing Guidelines calculation embodied in the Post-Plea Guideline and Criminal History Calculation Report, ECF No. 10 ("GCHR"), places the defendant's base offense level at 13. GCHR ¶ 1. With a four level reduction for a specific offense characteristic under U.S.S.G. §2P1.1(b)(3), as well as a two level reduction for

acceptance of responsibility, the adjusted total offense level is 7.  GCHR ¶¶ 2-9.  The defendant's criminal history places her in criminal history category V.  GCHR ¶¶ 11-17.  Consequently, the Sentencing Guideline range is 12 to 18 months, Zone C eligible, with a fine range of $1,000 to $9,500, and supervised release term of 1 to 3 years.  GCHR ¶¶ 24-27, 36.

### The Parties' Plea Agreement

4. There is no plea agreement in this matter.  The defendant entered a guilty plea to the indictment.

### Sentencing Recommendation

5  A district court "should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." United States v. Gall, 552 U.S. 38, 49 (2007) (citation omitted).  The Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions," and are the "starting point and the initial benchmark." Id. at 46, 49 (citations and footnote omitted).  The district court should next consider all of the applicable factors set forth in Title 18, United States Code, Section 3553(a).  Id. at 49-50.  Indeed, the Guidelines themselves are designed to calculate sentences in a way that implements the considerations relevant to sentencing as articulated in Section 3553(a).  United States v. Rita, 551 U.S. 338, 346-351 (2007).  The government agrees with the GCHR about the applicable Guideline range.

6. The Section 3553(a) factors include (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed

correctional treatment, (3) the Sentencing Guidelines and related Sentencing Commission policy statements, and (4) the need to avoid unwarranted sentence disparities.

      7.     In this matter, the Court has before it a defendant who accepted responsibility and pled guilty.  On the other hand, the defendant left lawful custody and did not try to return. Accordingly, the government believes that the imposition of a guidelines-compliant sentence of incarceration at the low end is warranted:  here, 12 (12) months of incarceration, along with one (1) year of supervised release, and a payment of the $100 special assessment.

                                  Respectfully submitted,

                                  JESSIE K. LIU
                                  United States Attorney
                                  D.C. Bar No. 472845
                                  _____/s/_____
                                  STEPHEN J. GRIPKEY
                                  Assistant United States Attorney
                                  D.C. Bar No. 445410
                                  555 4th Street, NW, Room 4217
                                  Washington, DC 20530
                                  (202) 252-7237; fax: 202-616-2296
                                  Stephen.Gripkey@usdoj.gov